IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA VOTERS ALLIANCE, et. al., | : : |
| Plaintiffs, | : Civil Action No. 4:20-cv-01761-MWB : (Judge Matthew W. Brann) : |
| v. | : : |
| CENTRE COUNTY, et. al., | : : |
| Defendants. | : |

# DEFENDANT COUNTIES' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION FOR A TEMPORARY RESTRAINING ORDER

Defendants Centre, Delaware, and Philadelphia Counties ("Defendant Counties") submit this Response (1) to inform the Court of a decision issued today denying a preliminary injunction in a nearly identical case filed in another federal court and argued yesterday by one of the counsel for Plaintiffs in the instant case. *Wisconsin Voters Alliance, et. al. v. City of Racine*, Case No. 20-C-1487 (E.D. Wis. Oct. 14, 2020) (attached hereto as Exhibit A); and (2) to address new claims made in Plaintiffs' Supplemental Memorandum in Support of Their Motion for a Temporary Restraining Order (Dkt. No. 39).

I. **Today's Decision in the Eastern District of Wisconsin**

This afternoon, following an oral argument yesterday, a Wisconsin federal court denied preliminary injunctive relief—in a case that is substantively identical to the instant case—on the ground that the plaintiffs were not likely to succeed on the merits. *Wisconsin Voters Alliance*, Case No. 20-C-1487. Just as Defendant Counties have argued here, the Court held that "none of the federal laws Plaintiffs cite prohibit municipalities from accepting funds from private sources to assist them in safely conducting a national election in the midst of the public health emergency created by the COVID-19 pandemic" *Id.* at p. 2. Also as Defendant Counties have established here with respect to Pennsylvania counties, the Court emphasized that in Wisconsin, the Center for Tech and Civil Life (CTCL) has awarded numerous grants to assist municipalities with the administration of mail-in voting during the upcoming election to enhance voter safety—not just the few counties that the plaintiffs named as defendants and that allegedly have "progressive"-leaning electorates. *Id.* at pp. 2-3; (Res. in Opp. (Dkt. No. 37) at p. 6 (eleven of the eighteen Pennsylvania counties to which CTCL awarded grants voted for Donald Trump over Hillary Clinton in the 2016 presidential election)).

This represents the second defeat in federal court of the coordinated, multi-state campaign to block counties from using the nonpartisan CTCL grants to assist in election administration. *See Election Integrity Fund et al. v. City of*

*Lansing and City of Flint*, No. 1:20-cv-950 (W.D. Mich. Oct. 2, 2020) (attached as Exhibit H to Ford Decl. (Dkt. No. 37-9)) (denying a Motion for Temporary Restraining Order in an identical lawsuit in Michigan on the ground that "Plaintiffs have not demonstrated a strong likelihood of success on the merits [because]. . . Plaintiffs never identify language in any of those laws that explicitly prohibits cities from accepting private grants to administer elections. On the Court's review, no such explicit prohibition exists.")

## II.  Plaintiffs' New Claims

In their Supplemental Memorandum and accompanying Amended Complaint, Plaintiffs assert a new claim and join a new defendant – Secretary of State Kathy Boockvar. They allege that Secretary Boockvar unlawfully permitted Defendant Counties to utilize CTCL grants for purposes prohibited by Pennsylvania's Election Code and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. (Supp. Mem. at 21-28.) Specifically, Plaintiffs challenge the use of drop boxes to collect mail-in and absentee ballots and the practice of counting such mail-in ballots if they are received within three days of Election Day. (*See id.* at 24-28.)

What Plaintiffs do not disclose in their submissions, however, is that these specific practices have already been held to be **consistent with** the Election Code and the United States Constitution in lawsuits brought against Defendant

Counties and Secretary Boockvar. *Donald J. Trump for President, Inc. v. Boockvar*, No. 2:20-cv-966, 2020 U.S. Dist. LEXIS 188390 (W.D. Pa. Oct. 10, 2020) (attached hereto as Exhibit B); *Pa. Democratic Party v. Boockvar*, No. 133 MM 2020, 2020 Pa. LEXIS 4872 (Sep. 17, 2020) (attached hereto as Exhibit C).

Last month, the Pennsylvania Supreme Court interpreted the Election Code to provide that ballots mailed by, but received up to three days after, Election Day must be counted in the upcoming general election. *Pa. Democratic Party v. Boockvar*, 2020 Pa. LEXIS 4872, at *24-26. The Court also held that the Election Code permits counties to use drop boxes as well as mobile and satellite locations to collect mail-in and absentee ballots. *Id.*

Less than a week ago and after extensive discovery, Judge Ranjan of the Western District of Pennsylvania upheld the constitutionality of drop boxes against an Equal Protection challenge in a 138-page summary judgment opinion. *Donald J. Trump for President, Inc. v. Boockvar*, 2020 U.S. Dist. LEXIS 188390. Plaintiffs in *Donald J. Trump* based their Equal Protection claims on a theory closely resembling the theory advanced by Plaintiffs in their Supplemental Memorandum here – that disparate practices among Pennsylvania counties concerning the use of drop boxes violated the Equal Protection Clause by causing differential treatment of voters.

Judge Ranjan granted summary judgment for the Defendant Counties based on two grounds equally applicable in the instant action – standing and the merits.  On the question of standing, Judge Ranjan held, based on United States Supreme Court precedent, that the plaintiffs' theory of injury depended on a chain of inferences concerning the behavior of third parties (voters) and raised at most the "'possibility of future injury' based on a series of speculative events—which falls short of the requirement to establish a concrete injury." *Id.* at \*106 (*citing Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)).[1]  And on the merits, Judge Ranjan squarely held that differences in county election practices regarding drop boxes and other means to facilitate voting do not conflict with Equal Protection guarantees.  *Id.* at \*157-159.  Judge Ranjan specifically found that Secretary Boockvar's guidance, which allows for counties to adopt different practices concerning the use of drop boxes, "provides lawful, comprehensive, and reasonable standards."  *Id.* at \*144.

---

[1] Judge Ranjan's opinion is consistent with other recent federal court decisions rejecting similar attacks on state and local efforts to facilitate voting during the pandemic.  Like Judge Ranjan's opinion, these courts held that speculation regarding possible vote dilution or other forms of potential voter disenfranchisement during the upcoming election is insufficiently concrete and too generalized to confer standing.  *Carson v. Simon*, No. 20-CV-2030 (NEB/TNL), 2020 U.S. Dist. LEXIS 188454, at \*23 (D. Minn. Oct. 11, 2020) (attached hereto as Exhibit D); *Paher v. Cegavske*, No. 3:20-cv-00243-MMD-WGC, 2020 U.S. Dist. LEXIS 92665, at \*11-12 (D. Nev. May 27, 2020) (attached hereto as Exhibit E).

Judge Ranjan's rulings on standing and Equal Protection apply with equal force in this action. Similar to the plaintiffs in *Donald J. Trump*, Plaintiffs here seek to predicate standing and an Equal Protection claim on differences among the counties in their receipt of funding for, among other uses, purchase of drop boxes. But under the decisions of the Pennsylvania Supreme Court and Judge Ranjan, respectively, neither the counting of ballots received after Election Day nor the use of drop boxes and other mobile or satellite methods run afoul of the Election Code or the Constitution.

Finally, Plaintiffs have now attempted to bolster their preemption argument by referring to funding given to states by the Coronavirus Aid, Relief and Economic Security Act ("CARES Act") for election administration. (Supp. Mem. at 16.) The CARES Act argument does not advance Plaintiffs' preemption claim by one inch. That statute contains no language stating or suggesting either that additional private funding is prohibited or that states or localities must exhaust CARES Act funds before accepting private grants.

### III. Conclusion

For the foregoing reasons, as well as the reasons set forth in the County Defendants' Response in Opposition to Plaintiffs' Motion for a Temporary Restraining Order, Defendant Counties respectfully request this Court to deny Plaintiffs' Motion for a Temporary Restraining Order.

Dated:  October 14, 2020

*/s/ Edward D. Rogers*
Edward D. Rogers (No. 69337)
Terence M. Grugan (No. 307221)
Elizabeth V. Wingfield (No. 324277)
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania  19103
Phone: (215) 665-8500
Facsimile: (215) 864-8999
*Attorneys for Defendant Delaware County*

*/s/ Jerry R. DeSiderato*
Jerry R. DeSiderato (Pa. Id. No. 201097)
Timothy J. Ford (Pa. Id. No. 325290)
Claire Blewitt Ghormoz (Pa. Id. No. 320816)
**DILWORTH PAXSON LLP**
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
jdesiderato@dilworthlaw.com
tford@dilworthlaw.com
cghormoz@dilworthlaw.com
Tel.: (215) 575-7000
Fax: (215) 575-7200
*Counsel for Defendant City of Philadelphia*

*/s/ Molly Meacham*
Molly Meacham (Pa. Id. No. 318272)
**BABST, CALLAND, CLEMENTS AND ZOMNIR, P.C.**
Two Gateway Center, 9th Floor
603 Stanwix Street
Pittsburgh, PA 15222
Tel.: (412) 394-5400
mmeacham@babstcalland.com

Elizabeth A. Dupuis (Pa. Id. No. 80149)
**BABST, CALLAND, CLEMENTS AND ZOMNIR, P.C.**
330 Innovation Boulevard, Suite 302

          State College, PA 16803
          Tel.: (814) 867-8055
          bdupuis@babstcalland.com
          *Counsel for Defendant Centre County*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Response to Plaintiffs' Supplemental Memorandum was filed and served on October 14, 2020 via the Court's CM/ECF system.

Dated: October 14, 2020

/s/ Edward D. Rogers
Edward D. Rogers