IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA VOTERS ALLIANCE, et. al., | : <br> : <br> :Civil Action No. 4:20-cv-01761-MWB |
| Plaintiffs, | :(Judge Matthew W. Brann) <br> : |
| v. | : <br> : |
| CENTRE COUNTY, et. al., | : <br> : |
| Defendants. | : |

**DEFENDANT COUNTIES' RESPONSE TO PLAINTIFFS' SECOND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION FOR A TEMPORARY RESTRAINING ORDER**

At 6:15 p.m. last night, Plaintiffs filed a 17-page substantive brief, their third in support of their Motion for a Temporary Restraining Order. Defendant Counties were surprised by this filing, as they understood this Court as only having granted permission to submit supplemental authority that was unavailable at the time the parties submitted their prior briefs. (Hrg. Tr. 99:10–13; 100:7–11 ("MR. ROGERS: We would like to submit, Your Honor, the decision that was issued today by the District Court in Minnesota. THE COURT: Yeah, that's fine . . . . Same thing, Mr. King and company, and if there's something else you think that I should look at that you want to draw my attention, in particular a

decision of another court, just send it in.")). Defendant Counties are constrained to respond briefly to the new arguments advanced in Plaintiffs' latest memorandum.

### I. Plaintiffs Fail to Plead a Concrete Injury-in-Fact

Plaintiffs now seek to overcome their inability to establish standing based not on any statute or court decision but on the fraudulent 2018 election in North Carolina's Ninth Congressional District. Plaintiffs warn that, just as that congressional district was unrepresented in Congress until a special election was held, similar events will transpire here in some unidentified Pennsylvania jurisdiction because of the grants at issue. But that North Carolina election differs decisively from the grants under challenge here, which are not themselves elections. And there is no evidence that the grants will unlawfully influence election results.

As Plaintiffs are forced to acknowledge in their most recent memorandum, the invalidation in North Carolina occurred because 1) there was election fraud; 2) leading the House Majority Leader to publicly state that the House of Representatives would not swear in the candidate who "won" the fraudulent election; and 3) North Carolina's Board of Elections refused to certify the election results. (Pl's 2nd Supp. Memo at 2–3 (Dkt. No. 63)). Plaintiffs have not alleged, much less pointed to any evidence, that any of those occurrences have happened or are likely to happen in Pennsylvania due to the challenged grants.

Absent such a showing, Plaintiffs' alleged harm is insufficiently concrete and far too speculative to confer standing.  *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157–58 (2014).

## II. Plaintiffs Still Do Not Have a Private Cause of Action

Plaintiffs' additional authority fails to show that there is a private cause of action under the Elections Clause.  Instead, they repeatedly incant the phrase "federal common law" and invoke the rarely-used All Writs Act as though they can somehow create a cause of action mysteriously overlooked by every federal court in which Plaintiffs have attacked these grants.  None of the cases they cite bears any resemblance to the circumstances presented here, which as noted in Defendant Counties' prior memoranda, simply do not implicate federal law.

## III. Plaintiffs Misapply Dillon's Rule

The remainder of Plaintiffs' brief attempts to base a preemption argument on the Elections Clause and Dillon's Rule.  They fail on both grounds. Plaintiffs' Election Clause argument ignores controlling Supreme Court and Third Circuit precedent construing the term "manner" of elections to apply to various matters of election administration not including funding (*see* Defts.' Resp. at 24 (Dkt. No. 37), *citing Cook v. Gralike*, 531 U.S. 510, 523-24 (2001); *Farina v. Nokia, Inc.*, 625 F.3d 97, 115 (3d Cir. 2010)).  And Dillon's Rule is inapposite

here. Dillon's Rule is a state law doctrine, not yet another branch of "federal common law" (Pl.'s 2nd Supp. Mem. at 8), and thus is inapplicable to these claims. *See, e.g., Pa. Rest. & Lodging Ass'n v. City of Pittsburgh*, 211 A.3d 810, 816 (Pa. 2019). In fact, Plaintiffs cite no federal case even using the term "Dillon's Rule," let alone applying that doctrine as a basis for federal preemption. Thus, Dillon's Rule provides no ticket to federal court, nor can it fill the gap in Plaintiffs' preemption theory that multiple federal courts have already identified as a basis to deny identical claims. Second, even if Dillon's Rule could somehow be imported into federal jurisprudence for purposes of this novel challenge, it would not apply here because Pennsylvania's Election Code requires counties to fund election administration. 25 Pa. Stat. Ann. §§ 2641(a), 2642, 2645. Moreover, Pennsylvania's County Code provision on "fiscal affairs" states that "[t]he commissioners may take by gift, grant, devise or bequest any money or property, real, personal or mixed, for the benefit of the county." 16 Pa. Stat. Ann. § 1784.1. Thus, it could not be a violation of Dillon's Rule for Defendant Counties to do what the Commonwealth expressly authorized them to do – administer and fund elections.

## IV.  Conclusion

For the foregoing reasons, as well as the reasons set forth in Defendant Counties' prior memoranda and at oral argument, Defendant Counties respectfully request this Court to deny Plaintiffs' Motion for a Temporary Restraining Order.

Dated:  October 20, 2020

*/s/ Edward D. Rogers*
Edward D. Rogers (No. 69337)
Terence M. Grugan (No. 307221)
Elizabeth V. Wingfield (No. 324277)
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania  19103
Phone: (215) 665-8500
Facsimile: (215) 864-8999
*Attorneys for Defendant Delaware County*

*/s/ Jerry R. DeSiderato*
Jerry R. DeSiderato (Pa. Id. No. 201097)
Timothy J. Ford (Pa. Id. No. 325290)
Claire Blewitt Ghormoz (Pa. Id. No. 320816)
**DILWORTH PAXSON LLP**
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Tel.: (215) 575-7000
Fax: (215) 575-7200
*Counsel for Defendant City of Philadelphia*

*/s/ Molly Meacham*
Molly Meacham (Pa. Id. No. 318272)
**BABST, CALLAND, CLEMENTS AND ZOMNIR, P.C.**
Two Gateway Center, 9th Floor
603 Stanwix Street
Pittsburgh, PA 15222

Tel.: (412) 394-5400

Elizabeth A. Dupuis (Pa. Id. No. 80149)
**BABST, CALLAND, CLEMENTS AND ZOMNIR, P.C.**
330 Innovation Boulevard, Suite 302
State College, PA 16803
Tel.: (814) 867-8055
*Counsel for Defendant Centre County*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Response to Plaintiffs' Second Supplemental Memorandum was filed and served on October 20, 2020 via the Court's CM/ECF system.

Dated: October 20, 2020

*/s/ Edward D. Rogers*
Edward D. Rogers
